Bryce C. Loveland, Esq.
Nevada Bar No. 10132
William D. Nobriga, Esq.
Nevada Bar No. 14931
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
Telephone:  (702) 382-2101
Facsimile:    (702) 382-8135
Email: bcloveland@bhfs.com
Email: wnobriga@bhfs.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BOARD OF TRUSTEES OF PLUMBERS AND PIPEFITTERS LOCAL UNION 525 APPRENTICE AND JOURNEYMAN TRAINING TRUST FOR SOUTHERN NEVADA,<br><br>Plaintiff,<br><br>vs.<br><br>GARY BOYLE,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT** |

The Board of Trustees of Plumbers and Pipefitters Local Union 525 Apprentice and Journeyman Training Trust for Southern Nevada alleges as follows:

**<u>PARTIES</u>**

1.  Plaintiff is the Board of Trustees (the "Trustees") of the Plumbers and Pipefitters Local Union 525 Apprentice and Journeyman Training Trust for Southern Nevada (the "Trust"), which is composed of Trustees who are fiduciaries for purposes of the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

2.  Defendant is Gary Boyle who is the former Training Coordinator of the Trust and, on information and belief, is a resident of Clark County, Nevada.

1

36003211.1

## JURISDICTION AND VENUE

3. This action arises under 29 U.S.C. § 1132(a)(2), 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1132(e)(1), 29 U.S.C. § 1132(g), 29 U.S.C. § 1106, and 29 U.S.C. § 1109.

4. This Court has subject matter jurisdiction under 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

5. This Court has general personal jurisdiction over Boyle as he is, on information and belief, a resident of Clark County, Nevada and is domiciled in Nevada. To the extent that Boyle is no longer domiciled in Nevada, this Court has specific personal jurisdiction over Boyle based on the allegations alleged in this Complaint.

6. Venue is proper under 29 U.S.C. § 1132(e)(2) because the Trust is administered in Las Vegas, Nevada, and the breaches alleged in this Complaint occurred in Las Vegas, Nevada.

## GENERAL ALLEGATIONS

7. The Trust is a nonprofit employee benefit trust fund that provides training programs for individuals working or desiring to work in the plumbing and pipefitting industry.

8. The Trust is also a labor-management trust, established by the Plumbers and Pipefitter Local 525 and employers in Southern Nevada that are bound by collective bargaining agreements requiring them to contribute to the Trust.

9. The Trust is established and maintained under a Declaration of Trust ("Trust Agreement") and is operated in accordance with various other governing documents.

10. The Trust is tax-exempt so long as it adheres to the scope of its operations contained in its Declaration of Trust, the basis on which the IRS approved the Trust's tax exemption.

11. The Trust is governed by ERISA and the laws and regulations passed and promulgated that govern ERISA trusts. To that end, all assets held by the Trust must be used for the exclusive purpose of providing training to the Trust's participants and for defraying reasonable plan expenses. The Trust Agreement mandates that Trust assets be used "for the purpose of paying either from principal or income or both, for the expenses of the [training]

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

[p]rogram in the geographic area covered by the Covered Bargaining Agreement(s) referred to in this Trust Agreement on such terms and conditions as the Trustees establish."

12. The Trust's assets consist of employer contributions, investment income, and any other property received by the Trust.

13. To ensure that all assets are used for these purposes, the Trust has implemented an expense reimbursement policy governing the way employees of the Trust can be reimbursed for expenses and utilize plan assets.

14. Under the Trust Agreement, the Trustees may implement such training programs as they deem appropriate to carry out the Trust's purposes. They may also invest the Trust's assets as they judge to be beneficial and appropriate for the protection and preservation of the Trust. These investments must be diversified to minimize risk.

15. The Trust employs a Training Coordinator and Training Instructors to provide the education and training to its participants.

16. The Trustees are fiduciaries to the Trust ("named fiduciaries"), under ERISA, along with any person who exercises any discretionary authority or discretionary control regarding the Trust's assets or administration ("functional fiduciaries"), as provided by 29 U.S.C. 1002(21)(A).

17. The Training Coordinator is a functional fiduciary of the Trust, given his discretionary control and authority over the Trust's assets and administration.

18. All fiduciaries to the Trust must discharge their duties solely in the interest of the participants in the Trust's training programs and for the exclusive purpose of providing training and defraying the reasonable expenses of doing so, as required by 29 U.S.C. § 1104(a)(1)(A).

19. All fiduciaries to the Trust must exercise their duties to the Trust with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, as required by 29 U.S.C. § 1104(a)(1)(B).

20. All fiduciaries to the Trust must exercise their duties in accordance with the documents and instruments governing the Trust insofar as such documents and instruments are

3

36003211.1

consistent with ERISA, as required by 29 U.S.C. § 1104(a)(1)(D).

21. Subject to certain exceptions, no fiduciary to the Trust may cause the Trust to engage in any transaction with any party who has an existing close relationship to the Trust, known as a "party-in-interest," as is prohibited by 29 U.S.C. § 1106(a) (known as a "prohibited transaction").

22. The term "party-in-interest," for purposes of ERISA's prohibited transaction rules, includes Trust employees and their close relatives, as set forth in 29 U.S.C § 1002(14)-(15).

23. A fiduciary with respect to the Trust is prohibited from dealing with the Trust's assets in his own interest or for his own account, from acting on behalf of a party adverse to the Trust, and from receiving any consideration for his own personal account from any party dealing with the Trust in connection with a transaction involving the Trust's assets, as is prohibited by 29 U.S.C. § 1106(b) (known as "self dealing").

24. Any fiduciary who is aware of another fiduciary's breach is obligated to make reasonable efforts to remedy the breach, as required by 29 U.S.C. § 1105.

25. In 2020, the Trust hired Boyle as an Instructional Designer/Blackboard Administrator and Instructor to teach in the training programs.

26. In 2023, the Trust promoted Boyle to the role of Training Coordinator.

27. The Trust's Training Coordinator is responsible for the day-to-day operation of the Trust's Training Center, including directing the work and functions of the Training Center and hiring, disciplining, reviewing, and terminating employees.

28. The Training Coordinator is also given a Trust credit card and vehicle, which are only to be used for Trust business and to pay Trust expenses. Boyle's offer letter specifically stated that the Trust vehicle was not to be used for personal use.

29. Under the Trust's governing documents, all expenses paid by the Training Coordinator must be documented and approved by the Trustees.

30. Boyle was separated from employment by the Trust in 2025.

31. After the separation, the Trustees uncovered that Boyle made numerous unauthorized expenditures and misused Trust assets while he was Training Coordinator.

4

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

32. Through his Trust credit card, Boyle made numerous expenditures that were neither approved by the Trustees nor properly documented. These expenditures included charges associated with Boyle's personal Amazon.com account.

33. Boyle also used Trust assets to purchase eight iPads for Trust employees, which he claimed were "gifts." Upon giving the iPads to the Trust's employees, he explained that they were gifts and instructed the employees not to register them with the Trust's IT service provider. Boyle initially kept an iPad for himself upon his separation and allowed at least one other employee to keep an iPad after separating from employment.

34. It was also uncovered that Boyle was using his assigned work vehicle for personal trips that were never approved by the Trustees.

35. After the Trustees uncovered these transactions, they demanded that Boyle reimburse the Trust for all expenses incurred related to these transactions and to provide documentation for any transaction that Boyle contended was for Trust business and not for personal use.

36. Boyle refused to reimburse the Trust or provide documentation regarding the transactions.

37. Boyle's wrongful actions violated ERISA and the Trust's governing documents. As a result, Boyle breached his fiduciary duty to the Trust and engaged in self-dealing and transactions that are prohibited by ERISA.

**FIRST CLAIM FOR RELIEF**
ERISA Breach of Fiduciary Duty – 29 U.S.C. § 1104(a)(1)(A)

38. During his time as Training Coordinator, Boyle exercised discretion and control over the Trust's assets and administration.

39. Boyle had a fiduciary duty to the Trust to ensure that all Trust assets were utilized for the exclusive purpose of providing benefits to the Trust's participants and defraying reasonable expenses of administering the employee benefit plan.

40. Instead of meeting those duties, Boyle took advantage of his position and engaged in a series of transactions for his own benefit. These transactions included making personal

5

36003211.1

purchases for his own benefit, utilizing Trust assets for his own personal use, purchasing gifts with Trust assets for employees of the Trust, and expending Trust assets without the authorization of the Trustees.

41. Boyle's actions have resulted in the dissipation of Trust assets, resulted in losses to the Trust, and have, therefore, resulted in the Trust incurring damages.

42. A person who is a fiduciary to an ERISA employee benefit plan, and breaches his or her fiduciary duties to the Plan, must be "personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary." 29 U.S.C. § 1109. ERISA's civil enforcement mechanism allows for the Trust to bring a civil action against Boyle related to his breaches of fiduciary duty. 29 U.S.C. § 1132(a)(2).

43. The Trust is entitled to recover costs and attorneys' fees incurred in prosecuting this action under 29 U.S.C. § 1132(g)(1).

## SECOND CLAIM FOR RELIEF
ERISA Breach of Fiduciary Duty – 29 U.S.C. § 1104(a)(1)(B)

44. Boyle also had a fiduciary duty to act "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." 29 U.S.C. § 1104(a)(1)(B).

45. Instead of meeting those duties, Boyle took advantage of his position and engaged in a series of transactions for his own benefit. These transactions included making personal purchases for his own benefit, utilizing Trust assets for his own personal use, purchasing gifts for employees of the Trust with Trust assets, and expending Trust assets without the authorization of the Trustees.

46. A prudent man, in Boyle's capacity as Training Coordinator, with the care, skill, prudence, and diligence under the circumstances would not have engaged in the series of

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

6

transactions outlined above. Indeed, a prudent man would have dealt in Trust assets for the sole benefit of the Trust's participants.

47. Boyle's actions have resulted in the dissipation of Trust assets, resulted in losses to the Trust, and have, therefore, resulted in the Trust incurring damages.

48. A person who is a fiduciary to an ERISA employee benefit plan, and breaches his or her fiduciary duties to the Plan, must be "personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary." 29 U.S.C. § 1109. ERISA's civil enforcement mechanism allows for the Trust to bring a civil action against Boyle related to his breaches of fiduciary duty. 29 U.S.C. § 1132(a)(2).

49. The Trust is entitled to recover costs and attorneys' fees incurred in prosecuting this action under 29 U.S.C. § 1132(g)(1).

### THIRD CLAIM FOR RELIEF
ERISA Breach of Fiduciary Duty – 29 U.S.C. § 1104(a)(1)(D)

50. Boyle also had the fiduciary duty to act "in accordance with the documents and instruments governing the plan[.]" 29 U.S.C. § 1104(a)(1)(D).

51. Boyle's utilization of Trust assets for a variety of personal expenditures, utilization of Trust vehicles for his own personal unauthorize trips and gifts for Trust employees is a violation of the Trust's governing documents.

52. The Trust Agreement expressly provides that Trust assets must only be used for the benefit of the Trust's participants and defraying reasonable administrative expenses of the Trust.

53. Moreover, the Trust's expense reimbursement policies explicitly provides that the Trust "will pay or reimburse only reasonable, actual, and direct expenses properly and necessarily incurred in connection with proper Trust business[.]" Consistent with this restriction, the Trust presumes that all expenses to be personal expenses unless the person "seeking payment or

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106
(702) 382-2101

reimbursement demonstrates the expense is reasonable, actual, and direct expense properly and necessarily incurred in connection with proper Trust business." The Trust requires written documentation for such expenses.

54. Boyle has refused to provide satisfactory explanation and written documentation for numerous expenses that he incurred as Training Coordinator. On information and believe, this is because these are not Trust expenses but are Boyle's personal expenses that he used Trust Assets to pay for.

55. Boyle's actions have resulted in the dissipation of Trust assets, resulted in losses to the Trust, and have, therefore, resulted in the Trust incurring damages.

56. A person who is a fiduciary to an ERISA employee benefit plan, and breaches his or her fiduciary duties to the Plan, must be "personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary." 29 U.S.C. § 1109. ERISA's civil enforcement mechanism allows for the Trust to bring a civil action against Boyle related to his breaches of fiduciary duty. 29 U.S.C. § 1132(a)(2).

57. The Trust is entitled to recover costs and attorneys' fees incurred in prosecuting this action under 29 U.S.C. § 1132(g)(1).

**FOURTH CLAIM FOR RELIEF**

ERISA Prohibited Transaction – 29 U.S.C. § 1106(a)

58. ERISA prohibits fiduciaries from engaging in certain transactions with parties in interest. 29 U.S.C. § 1106(a). Such prohibited transactions include: (A) the "sale or exchange, or leasing, of any property between the plan and a party in interest;" and (B) the "furnishing of goods, services, or facilities between the plan and a party in interest[.]" 29 U.S.C. § 1106(a)(1)(A),(C).

59. Employees of the Trust are parties in interest under ERISA. *See* 29 U.S.C. § 1002(14)(A).

8

36003211.1

60. Boyle engaged in a series of transactions that included the exchange of property and furnishing of goods to employees of the Trust.

61. These transactions were not approved or authorized by the Trustees and were not made to benefit Trust participants or to defray reasonable administrative expenses.

62. As a result, the Trust seeks equitable relief to redress these prohibited transactions and to enforce the provisions of ERISA. 29 U.S.C. § 1132(a)(3).

63. The Trust is entitled to recover costs and attorneys' fees incurred in prosecuting this action under 29 U.S.C. § 1132(g)(1).

**FIFTH CLAIM FOR RELIEF**

ERISA Prohibited Transaction – 29 U.S.C. § 1106(b)

64. ERISA prohibited fiduciaries from engaging in self-dealing. 29 U.S.C. § 1106(b).

65. Boyle engaged in a series of prohibited transactions by dealing the assets of the Trust in his own interest without authorization or approval from the Trustees. On information and belief, these transactions included paying for multiple personal expenses with the Trust's credit card and taking personal trips using the Trust's vehicle.

66. As a result, the Trust seeks equitable relief to redress these prohibited transactions and to enforce the provisions of ERISA. 29 U.S.C. § 1132(a)(3).

67. The Trust is entitled to recover costs and attorneys' fees incurred in prosecuting this action under 29 U.S.C. § 1132(g)(1).

WHEREFORE, Plaintiffs pray for relief as follows:

1. A judgment against Boyle for the damages incurred from his utilization of Trust assets, including, but not limited to reimbursement of the Trust assets, damages associated with losses to the Trust that resulted from Boyle's actions, and restoration of any profits to the Trust that were lost as a result of Boyle's actions, including but not limited to audit fees and investment losses;

2. Equitable relief necessary to undo Boyle's prohibited transactions

3. For other equitable relief as provided by ERISA;

36003211.1

1   4. An award of reasonable attorney's fees and costs incurred in bringing this action as allowed by ERISA; and

2   5. For such other and further relief as the Court deems proper.

Dated: November 13, 2025.  BROWNSTEIN HYATT FARBER SCHRECK, LLP

/s/ William D. Nobriga
Bryce C. Loveland, Esq. Nevada Bar No. 10132
William D. Nobriga, Esq. Nevada Bar No. 14931
100 North City Parkway, Suite 1600
Las Vegas, Nevada 89106-4614
Telephone: (702) 382-2101
Facsimile: (702) 382-8135

*Attorneys for Plaintiff*

10

36003211.1